IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL PADILLA,<br><br>    Plaintiff,<br><br>  v.<br><br>LIVERMORE POLICE DEPARTMENT, et al.,<br><br>    Defendants._____/ | No. 11-06608 CW<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

Plaintiff Fidel Padilla files an application for leave to proceed in forma pauperis (IFP). Having considered the papers filed by Plaintiff, the Court grants the application to proceed IFP and dismisses the complaint.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to prosecute the action. Accordingly, the application to proceed without the payment of the filing fee is granted.

The Court's grant of Plaintiff's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Plaintiff sues the Livermore Police Department and several Livermore police officers who were involved in arresting Plaintiff on June 18, 2009. Plaintiff does not include any allegations in his complaint, but attaches the two police reports describing the events that led up to his arrest. Plaintiff asserts claims for false arrest, falsification of police reports, harassment, negligence, invasion of privacy, hostage situation and lying.

Plaintiff's claims must be dismissed because he includes no allegations supporting his claims. The police reports do not support his claims. Plaintiff may wish to assert a claim for false arrest under 42 U.S.C. § 1983 against the individual officers who were involved in his arrest. However, he would have to add allegations that support such a claim.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the

2

Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

In order to state a cognizable civil rights claim for false arrest, Plaintiff would have to amend his complaint to name as Defendants the individuals responsible for violating his constitutional rights and he would have to provide specific factual allegations causally connecting each named individual with a constitutional deprivation.

The other claims in Plaintiff's complaint arise under state law. In order to state a cognizable state law claim, Plaintiff must provide in his amended complaint specific factual allegations causally connecting any named individual with a specific violation of state law.

Therefore, Plaintiff's complaint is dismissed with leave to amend to remedy the deficiencies noted in this Order. If Plaintiff chooses to file an amended complaint, he must do so within two weeks from the date of this order. If he does not file an amended complaint within two weeks, his complaint shall be dismissed for

3

failure to prosecute.

IT IS SO ORDERED.

Dated: 1/26/2012

CLAUDIA WILKEN
United States District Judge